CARLTON ILLUSTRATORS, Inc., v. AMERICAN LOCOMOTIVE CO.
(No. 7478.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

CONTRACTS ⬡➝312—ADVERTISING—CONSTRUCTION—BREACH.

Under a written contract whereby plaintiff's illustrator was to work exclusively for and make all drawings required for defendant's automobile advertisements at $125 for each illustration, the expressed "understanding" that defendant expected to require approximately the same number of drawings as during the preceding year was a provision of the contract, so that defendant's failure to order any illustrations was a breach.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1279½; Dec. Dig. ⬡➝312.]

Appeal from Trial Term, New York County.

Action by the Carlton Illustrators, Incorporated, against the American Locomotive Company. From a judgment entered upon a dismissal of the complaint after a trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William B. Dungan, of New York City, for appellant.
Thomas D. Thacher, of New York City, for respondent.

SCOTT, J. In the month of May, 1913, and for several years prior thereto, Joseph R. Charter, Archibald A. Martin, and William T. Wallace carried on business as copartners under the firm name or style of the Carlton Illustrators. Among other things they designed and made drawings and illustrations for advertising purposes, and for some years prior to May, 1913, they had designed and furnished to defendant such drawings and illustrations which were used for advertising automobile cars and trucks. In May, 1913, a contract was made for the rendition of like services for the following year. This contract was embodied in two letters, one written by J. Remington Charter, as general manager of the Carlton Illustrators, and the other by L. A. Van Patten, as advertising manager of defendant. The first of these letters read as follows:

"May 21, 1913.

"Mr. L. A. Van Patten, The American Locomotive Co., 1886 Broadway, New York City—Dear Sir: I write to put on record the agreement reached by us in conversation yesterday, by which Mr. Popini will make all the drawings required by the American Locomotive Company for advertising their passenger cars and trucks, and for no other passenger motor car or truck, for

---

one year from date. You agree in consideration of this undertaking, that Mr. Popini shall not make drawings for any other motor car or truck concern, to give Mr. Popini all the drawings to do that you will require for your advertising for this period, including press, catalogues, and booklets. The price of the drawings are to be based on a rate of $125 each for subject pictures such as you have used in your current years' newspaper and catalogue advertising. We understand that you expect to require approximately the same number of drawings as during the past year and it is upon this assumption that this price is based. We take this opportunity of expressing our very great appreciation of the great courtesy you have always extended to us and to assure you of our best efforts to serve your interest in the future. We are, Yours faithfully,    J. Remington Charter, General Manager."

The acceptance of the proposition in behalf of defendant read as follows:

"May 24, 1913.

"Mr. J. Remington Charter, Gen. Mgr. Carlton Illustrators, Flatiron Bldg., N. Y.—Dear Sir: The points made in your letter of the 21st, with reference to Mr. Popini's services for next year, are in accord with our understanding. We wish, however, to point out in case of illness on the part of Mr. Popini or his being out of town for any reason, we would want opportunity to use some one else in your organization. This, of course, may never happen but I simply want to put it on record. * * *

"Very truly yours,    American Locomotive Company,
                    "L. A. Van Patten, Advertising Manager."

The defendant for some reason never gave any order for designs under this contract, undertaking to repudiate Van Patten's authority to make a contract for it, but on the trial it was expressly stipulated by defendant that in May, 1913, Mr. Van Patten had implied authority to bind defendant by such a contract.

The dismissal apparently proceeded upon the theory, upon which it is now sought to be sustained, that defendant did not agree to take any illustrations unless it saw fit to do so, and hence that its refusal to take any at all was not a breach of the agreement. We do not so construe the contract. The Carlton Illustrators, by whom the cause of action was assigned to the present plaintiff, stipulated to employ a particular illustrator and keep him at defendant's disposition for a year, undertaking that he should not during that time make any drawings for any other passenger motor car or truck. It would be a most unreasonable construction of the contract to assume that it was intended that during this whole period no orders for drawings were to be given, and that it was not so intended is shown by the expressed understanding that defendant would require approximately the same number of drawings as during the past year. This understanding, we think, entered into the contract as one of its terms, and was not confined solely to the fixing of the price per drawing.

The judgment appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. Order filed. All concur.